SECOND NAT. BANK OF AURORA v. BASUIER et al.

(Circuit Court of Appeals, Eighth Circuit. December 3, 1894.)

No. 480.

BILLS AND NOTES—NEGOTIABILITY.

The statute of South Dakota defining negotiable instruments provides that "a negotiable instrument is a written promise or request for the payment of a certain sum of money to order or bearer; * * * must be

made payable in money only, and without any condition not certain of fulfillment; * * * must not contain any other contract than such as is specified in this article." *Held* that, by virtue of the statute, a note drawn and made payable in South-Dakota, "with exchange and costs of collection," was not a negotiable note.

In Error to the Circuit Court of the United States for the District of South Dakota.

This was an action by the Second National Bank of Aurora, Ill., against Charles Basuier and others, upon four promissory notes. On the trial in the circuit court the defendants had a verdict. Plaintiff brings error.

Hosmer H. Keith (William George, on brief), for plaintiff in error.
John E. Carland (O. S. Gifford, on brief), for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This was a suit by the plaintiff in error, the Second National Bank of Aurora, Ill., against the defendants in error, who were the defendants in the circuit court, on four promissory notes executed by the defendants. Each note was for the sum of $650, and all of them were dated, "Canton, Dakota, December 17, 1888." They were all drawn in the following form, except that two of the notes were payable May 1, 1891, instead of May 1, 1890:

"$650.00. Canton, Dakota, Dec. 17th, 1888.

"May 1st, 1890, after date, for value received, we, the undersigned, jointly and severally promise to pay to the order of Blair Brothers, Aurora, Ill., the sum of six hundred and fifty dollars, negotiable and payable at First National Bank, Canton, Dakota, with exchange and costs of collection, with interest at eight per cent. per annum, payable annually, from date."

The defendants pleaded by way of defense that the notes were drawn and delivered to Blair Bros., the original payees, in payment for a stallion which was sold by Blair Bros. to the makers of the notes, with a certain warranty as to his breeding qualities, and that the warranty had been broken. On the trial of the case, the court instructed the jury, in substance, that, because the notes contained the words "with exchange and costs of collection," they were not negotiable instruments; and that the aforesaid defense could be made against a bona fide purchaser of the paper, as well as against the original holder. The proof showed that the plaintiff bank had purchased the paper for value before maturity, and without notice of defenses. The giving of the foregoing instruction constitutes the only error that we are called upon to review.

We do not deem it necessary or profitable in the present case to enter into an extended discussion of the question whether, at common law, including the law merchant, the words "with exchange and costs of collection," when incorporated into a note or bill which would otherwise be negotiable, render it non-negotiable. A recent well-considered decision by the supreme court of Minnesota (Hastings v. Thompson, 55 N. W. 968) contains a perspicuous and forcible statement of the reasons that have induced that court, and the courts of some other states as well, to adopt the view that the words "with exchange," on a particular place, do not, at common law, render

the amount payable so uncertain as to destroy the negotiability of a note or bill. The case also contains a reference to all of the leading authorities which support, and to those which oppose, the Minnesota doctrine.

With reference to the question whether the words "with costs of collection," or "with attorney's fees," or "with a certain per cent. as attorney's fees,". render a note too uncertain as to amount, and therefore non-negotiable, the authorities are very much in conflict. One line of decision maintains that such words, or words of equivalent import, do not affect the negotiability of commercial paper, because they do not render the amount payable uncertain if the paper is paid at maturity. Another class of cases maintains that the amount payable on a note or bill should be certain after maturity, as well as at maturity, and that the words aforesaid, or similar stipulations, defeat negotiability. The case of Farmers' Nat. Bank v. Sutton Manuf'g Co., 6 U. S. App. 312, 3 C. C. A. 1, and 52 Fed. 191, adopts the former view, for reasons which are very clearly stated in the opinion. The opinion also contains a reference to the leading cases wherein this much-mooted question has been discussed. Anything that we might add to what has already been said on the subject in the two cases above referred to would be a work of supererogation, and would not aid to any extent in settling the law.

The case in hand cannot be decided exclusively with reference to the rules of the common law, including the law merchant. The notes in suit were executed in the territory of Dakota, and they were made payable in the territory. They are, therefore, Dakota contracts, and must be construed with reference to a statute of the territory, which defines negotiable instruments, that was in force when the paper was executed and delivered. Title 15, c. 1, Comp. Laws Dak. 1887, entitled "Negotiable Instruments," contains the following provisions, and the same were in force on December 17, 1888:

"Sec. 4456. A negotiable instrument is a written promise or request for the payment of a certain sum of money, to order or bearer, in conformity to the provisions of this article.

"Sec. 4457. A negotiable instrument must be made payable in money only, and without any condition not certain of fulfillment."

"Sec. 4462. A negotiable instrument must not contain any other contract than such as is specified in this article."

"Sec. 4464. There are six classes of negotiable instruments, namely: bills of exchange, promissory notes, bank notes, checks, bonds, certificates of deposit."

It will be observed that the statute not only prohibits the insertion of "any condition not certain of fulfillment" in a note or bill which is intended to be negotiable, but it further declares, in substance, that a note or bill "must not contain any other contract" than a promise or request for the payment of a certain sum of money to order or bearer. Now, undoubtedly the notes in suit, when fairly construed, do contain an agreement on the part of the makers that, if any costs are incurred by the holder in the collection of the paper, they will pay such costs, whatever the same may be, in addition to the principal sum expressed on the face of the notes; and to this extent they contain a condition which the makers may or may not be called upon to fulfill, depending upon circumstances. The same provision relative to the

payment of costs of collection is also a contract other than, and in addition to, a promise or request for the payment of a definite sum of money to order or bearer.    The foregoing interpretation of the phrase "with  *  *  *  costs of collection," which seems to us to be a reasonable and natural interpretation, brings the several notes in suit within the inhibitions of the Dakota statute, and will not permit them to be classified as negotiable instruments according to the rule prescribed by and the definitions contained in the statute.    We should have some hesitation in adopting the foregoing view if the question was one of first impression, and especially if the courts of the several states were unanimous in holding that the words "with attorney's fees," or "with costs of collection," or other equivalent phrases, do not, at common law, impair the negotiability of instruments otherwise negotiable.    But the courts of the country are not agreed as to the true rule of the common law in this respect, and it may be that the Dakota statute was drawn with special reference to the existing controversy, and for the purpose of settling the law in that territory by means of the statute.    But, however this may be, we find that as early as May, 1882, the supreme court of the then territory of Dakota had the same statute before it which we have above quoted, in the case of Garretson v. Purdy, 3 Dak. 178, 184, 14 N. W. 100; and it was there held that, by virtue of the statute in question, a note was not negotiable which contained the words "and, if action is commenced hereon, attorney's fee for collection."    The territorial statute aforesaid is still in force, having been adopted by the state of South Dakota; and in a case arising thereunder (Hegeler v. Comstock, 1 S. D. 138, 45 N. W. 331) the supreme court of that state has decided that a note otherwise negotiable, containing the following words, "with interest from date until paid, at the rate of ten per cent. per annum, eight per cent. if paid when due," is not negotiable, because it lacks certainty as to the amount which may be demanded thereon. The decision in that case seems to have been predicated both upon the statute and the court's view of the true rule of the common law, irrespective of the statute.    The Dakota statute above quoted is also a literal copy of sections 3087, 3088, and 3093 of the Civil Code of California; and in that state, as well, it has been held that, by virtue of the statute, a note containing the following words is not negotiable, to wit:    "Should suit be commenced or an attorney employed to enforce the payment of this note, I agree to pay the additional sum of five per cent. on principal and interest accrued, as attorney's fee in such suit."    The court said, in substance, that the statute was intended to remove all doubt, and that it did remove all doubt which conflicting judicial decisions had raised as to whether agreements to pay attorney's fees or costs of collection, when inserted in notes and bills, rendered them non-negotiable. Adams v. Seaman, 82 Cal. 636, 639, 23 Pac. 53.

What has already been said should conclude the discussion as to notes containing the words "with costs of collection" that were executed in Dakota, and were made payable in Dakota, after the adoption of the aforesaid statute, and after it had received an authoritative construction by its court of last resort.    It is also an important con-

sideration that the state of South Dakota has adopted the territorial
statute, and that the state court of last resort has approved the
construction which was given to the statute in territorial days.    Al-
though the question at issue is one of commercial law, yet the de-
cision depends not upon the law merchant, but upon the meaning of
a local statute which prescribes in detail the manner in which a note
or bill must be drawn to possess the quality of negotiability; and
we do not feel at liberty to ignore the settled construction of the
statute in the state where it has been adopted, in dealing with a note
that was both drawn and made payable in that state.    Capital Bank
of St. Paul v. School District No. 26 (decided by this court at the
last term) 63 Fed. 938.    See, also, Railroad Co. v. Hogan, 11 C. C.
A. 51, 63 Fed. 102.

The judgment of the circuit court for the district of South Dakota
is therefore affirmed.