## JOHNSON v. SCHAR *et al.*

1. The provision for costs in a note for a certain sum with attorney's fees and "other costs, in case the holder is obliged to enforce payment at law," renders the note non-negotiable, under the statute.

2. The condition of a stock subscription contract that 500 shares should be taken "under the terms hereof" is not performed by the taking of subscriptions aggregating 500 shares, some of which were under different terms.

3. The condition is not, as a matter of law, waived by paying part of the subscription and giving a note for the balance, without knowledge that the full amount had not been subscribed.

(Opinion filed April 6, 1897.)

Appeal from circuit court, Lawrence county.    Hon. A. J. PLOWMAN, Judge.

Action upon a promissory note.    From a judgment for defendants, and an order denying a new trial, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Frawley & Laffey,* for appellant.

A clause in a promissory note "and with attorney's fees in addition to other costs in case the holder is obliged to enforce payment at law" does not render the note non-negotiable. Chandler v. Kennedy, 65 N. W. 439; 4 Am. & Eng. Ency. Law, pp. 313, 314; Apperson v. Ins. Co., 38 N. J. L. 272; Merrill v. Hurley, 62 N. W. 960.

The payment of $50 on his stock subscription and the giving of the unconditional promissory note in suit for the balance a long time after the time for payment had expired operates as a waiver of any defense which might otherwise be urged.    23 Am. & Eng. Encyc. of Law 848; Parks v. Railroad, 23 Ind. 567; Railroad v. Dunn, 17 Ind. 608; Inter Mountain v. Jack, 5 Mont. 568; Kellar v. Johnson, 11 Ind. 337; O'Donald v. Railroad, 14 Ind. 259; Silpher v. Earhart, 83 Ind. 173; Chamberlain v. Railroad, 15 Ohio St. 225; 1 Cook Stocks and Stockholders § 198; Morawetz on Priv. Corp. § 91; 2 Thompson Corp. § 1336; Davenport v. Rogers, 39 Ia. 298.

*Martin & Mason,* for respondents.

The note in suit is non-negotiable.    Merrill v. Hurley, 65 N. W. 960; Hegeler v. Comstock, 1 S. D. 138; Garretson v. Purdry, 3 Dak. 178; Bank v. Basuier, 12 C. C. A. 517; Bank v. Laughlin, 61 N. W. 473; Adams v. Seaman, 23 Pac. 53.

The stock subscription for which the note in suit was given contained the following condition:    "Provided always that this agreement is upon the following terms, to-wit:    That the total number of shares taken under the terms hereof shall be five hundred shares."    Such a condition is valid and is a condition

precedent, and the company will not be authorized to enforce the collection of such subscription until the conditions are complied with. 2 Thompson Corp. §§ 1322, 1332, 1335; 23 Am. & Eng. Encyc. Law 838; Comp. Laws, §§ 3429, 3432. The giving of the note in suit was not a waiver of any defense. Bank v. Taylor, 5 S. D. 99; 28 Am. & Eng. Encyc. Law, pp. 526, 527, 531, 535; Bigelow on Est., pp. 661, 673; Brunseke v. Ins. Co., 105 U. S. 359; Pence v. Langdon, 99 U. S. 581.

CORSON, P. J. This was an action to recover upon a promissory note of which the following is a copy: "$450. Spearfish, South Dakota, July 7th, 1893. Three months after date, for value received, we promise to pay to the order of the Welcome Milling & Smelting Co. four hundred and fifty dollars, with interest at 10 per cent per annum from date until paid, and with attorneys fees in addition to other costs in case the holder is obliged to enforce payment at law. Payable at the Bank of Spearfish, Spearfish, South Dakota. [Signed] George Schar. Wiebke Schar." Indorsed: "July 10th, 1893. Pay to the order of Bond & Johnson. The Welcome Milling & Smelting Co., per P. L. Gibbs, Supt." Indorsed: "Bond & Johnson." The defendants pleaded that the note was given in payment of a subscription made to secure the erection of reduction works near Spearfish City, and that there were conditions in the subscription agreement that had never been complied with on the part of the payee of the note. The evidence was undisputed that the plaintiff became the owner of the note before its maturity. All evidence offered by the defendants tending to prove their defense was objected to by the plaintiff and appellant upon the ground that the note was negotiable, and the evidence inadmissible as against the plaintiff, who acquired title to the note before its maturity. The objection was overruled, and the evidence admitted, and a verdict rendered in favor of the defendants; and from the judgment rendered thereon, and the order denying a new trial, the plaintiff appeals.

The first question, therefore, to be considered, will be as to the negotiability of the note.    The respondents contend that the note is nonnegotiable, for three reasons:    (1) The amount to be paid is uncertain; (2) it contains a condition not certain of fulfillment—that is, whether the holder will ever be obliged to enforce payment at law; and (3) it contains a contract other than such as is specified in the Code.    The respondents concede that under the decision of this court in Chandler v. Kennedy, 65 N. W. 439, the question of attorney fees is eliminated from this case, and it need not, therefore, be considered.    But the respondents insist that the note also embraces an agreement to pay "other costs," which renders the amount to be paid uncertain.    Their contention is that, omitting the attorney's fees, the clause constitutes an agreement to pay costs, the    amount of which is    uncertain.    The appellant argues that    "other costs"    simply    refers    to    the    legal    costs collectible in case of an action, fixed and determined by statute; that the term "costs" has a well defined legal meaning, and that the court will construe the clause in the note with reference to that fact.    But we do not feel at liberty to thus construe the clause.    If the parties intended by the terms used only the legal costs taxable in case an action should be brought upon the note, there was no necessity for the insertion of the clause in the note, "other costs."    It would have been sufficient to have said "with attorney's fees" to have expressed the intention of the parties, if attorneys's fees were all that was intended to be contracted for.    Substantially the same clause was considered by the circuit court of appeals in 1894, in a case that went up from the United States circuit court of this circuit, and that court held that "costs of collection" inserted in the note in that case rendered it non-negotiable.    Bank v. Basuier, 12 C. C. A. 517, 65 Fed. 58.    In that case the clause was, "with exchange and costs of collection."    The court, after deciding that "with exchange" did not render the note non-negotiable, as to the other part of the clause says:    "Now, un-

doubtedly, the notes in suit, when fairly construed, do contain an agreement on the part of the makers that, if any costs are incurred by the holder in the collection of the paper, they will pay such costs, whatever the same may be, in addition to the principal sum expressed on the face of the notes; and to this extent they contain a condition, which the makers may or may not be called upon to fulfill, depending upon circumstances. The same provision relative to the payment of costs of collection is also a contract other than, and in addition to, a promise or request for the payment of a definite sum of money to order or bearer. The foregoing interpretation of the phrase 'with * * * costs of collection,' which seems to us to be a reasonable and natural interpretation, brings the several notes in suit within the inhibitions of the Dakota statute, and will not permit them to be classified as negotiable instruments according to the rule prescribed by and the definitions contained in the statute." This decision, made in giving a construction to our own statute, and in a case going up from this circuit, is entitled to very great weight as an authority. We apprehend that the slight difference in phraseology between the terms used in the two notes does not change the effect of the contract. The clause "and costs of collection," contained in the notes in that case, and "other costs, in case the holder is obliged to enforce payment by law," contained in the note in the case at bar would seem to require the same interpretation or construction. Without further discussing the question, we think the learned circuit court was clearly right in holding that the note in this case was non-negotiable, and committed no error, therefore, in admitting the evidence of the defendants.

The second question presented by the record is, did the court, in admitting the evidence tending to sustain the defendants' defense, err? The subscription contract before referred to contained, among other conditions, the clause "provided, always," and this agreement is upon the following condition, to-wit: "The total number of shares taken under the terms here-

of shall be five hundred shares." The evidence was undisputed that under that particular agreement, only 241 shares were subscribed, although appellant claimed and offered to prove that there were other subscription lists, in which the terms and conditions were somewhat different, which made up the full 500 shares. The appellant further contends that the defendants had waived full compliance with the condition by paying $50 on his subscription, and giving the note in controversy for the balance several months after the time for payment had expired. The defendant Schar testified that when he made this payment, and gave the note in controversy, he had no knowledge that the full number of shares had not been subscribed for, and supposed they had been. It will be noticed that the Schar subscription list contains the condition "that the total number of shares taken under the terms hereof shall be," etc. Shares, therefore, subscribed for on subscription lists containing other and different conditions, would not be a compliance with the contract. The subscription of 500 shares was a condition precedent that the party must see was performed before the defendants could be called on to perform on their part (Comp. Laws, §§ 3429, 3432), unless the condition was waived. "A waiver is the intentional relinquishment of a known right," and to be binding, it must be made with full knowledge of the right which he intends to waive. 28 Am. & Eng. Enc. Law, pp. 527, 528. In the case at bar it clearly appears that Schar and wife had no knowledge that the full amount of 500 shares of stock had not been subscribed, and hence could not have intended to waive the condition in the contract; at least it was a matter for the jury, and was by the court left to them under proper instructions. Finding no error in the record, the judgment of the circuit court, and its order denying a new trial, are affirmed.