## BAIRD v. VINES *et al.*

1. A note stipulating for "other costs," in addition to attorney's fees, "in case the holder is obliged to enforce payment at law,",is nonnegotiable in South Dakota.

2. In the absence of proof, the laws of another state are presumed to be the same as those of South Dakota.

3. A stipulation in a note as to attorney's fees does not render it nonnegotiable.

4. In an action on a note made in Montana, and nonnegotiable in South Dakota, because providing for attorney's fees "in addition to other costs, in case the holder is obliged to enforce payment at law," plaintiff introduced in evidence a decision of the Supreme Court in Montana to show that the note was negotiable there; and the court, on such showing, rendered judgment for plaintiff. Held, that a new trial was properly granted, where, as a matter of fact, the Montana decision was based merely on the stipulation as to attorney's fees, and not "as to other costs."

(Opinion filed April 5, 1904.)

Appeal from circuit court, Butte county; Hon. JOSEPH B. MOORE, Judge.

Action by Samuel M. Baird against James Vines and others. From an order granting defendants' motion for a new trial after the rendition of a verdict in favor of plaintiff, he appeals. Affirmed.

*A. K. Gardner*, for appellant.

*Thomas W. La Fleiche*, for respondents.

HANEY, J. For the purposes of this appeal, the issues involved in this action may be outlined thus: Plaintiff alleges that he is the indorsee in due course of a negotiable note executed by the defendants, no part of which has been paid. Defendants James Vines, Sr., and Adeline D. Vines, admit the execution of the note, deny that plaintiff is an indorsee in due course, and aver that such note was executed on Sunday, without consideration, by them, as sureties, and was delivered to the payees named therein as collateral security. The other defendant defaulted. A verdict having been returned in favor of the plaintiff for the amount of the note, with interest, the answering defendants applied for a new trial. From an order granting such application, the plaintiff appealed.

The instrument sued on reads as follows: "Miles City, Mont., July —, 1899. Sixty days without grace after date we jointly and severally promise to pay to the order of R. J. McNish and James Cleveland seven hundred and fifty and no one-hundredth dollars, at the First National Bank at Miles City, with interest at —— per cent. per annum, from —— until paid, for value received, and with attorney's fees in addition to other costs in case the holder is obliged to enforce payment at law.".

Under the law of this state, it is rendered nonnegotiable by reason of the words "other costs in case the holder is obliged to enforce payment at law." Johnson v. Schar, 9 S. D. 536, 70 N. W. 838. In the absence of evidence to the contrary, it was the duty of the trial court to presume that the law of Montana was the same as the law of this state. Morris v. Hubbard, 10 S. D. 259, 72 N. W. 894. To overcome this presumption, the plaintiff offered in evidence a portion of a decision by the Supreme Court of Montana in the case of Bank v. Fuqua, 28 Pac. 294-296, 14 L. R. A. 588, 28 Am. St. Rep. 461. On this evidence the learned circuit court assumed the note to be negotiable, and submitted only the issue as to whether or not the plaintiff was an indorsee in due course. It is conceded by counsel for plaintiff that the rule announced in Bank v. Fuqua no longer prevailed in Montana when this action was tried, though he was unaware of the fact at that time. See Stadler v. Bank (Mont.) 56 Pac. 111, 74 Am. St. Rep. 582. Still he contends that the later decision should have been introduced by the defendants at the trial, or presented as newly discovered evidence on the application for a new trial. In view of the rule in this jurisdiction requiring the law of a sister state to be pleaded and proved when relied upon to support a cause of action or defense, there is much force in the contention. But, assuming plaintiff's position to be well taken in this respect, we think the trial court did not err in granting a new trial. It being conceded that a serious mistake, for which the plaintiff was in large measure responsible, occurred at the trial, and it appearing that such mistake resulted in a verdict which would otherwise not have been rendered, the action of the lower court in granting a new trial should be sustained on this appeal, if any

valid reasons can be assigned for so doing. Such reasons are easily available. Confining our inquiry to the pages of the Pacific Reporter received in evidence over defendant's objections, as the same are printed in the abstract, we find that the Montana court, in Bank v. Fuqua, was dealing with a stipulation relating to attorney's fees, and not with the stipulation as to "other costs" found in the note sued on in this action. "In the case at bar the stipulation is to pay attorney's fees in the event of suit on this paper," is the language of the Montana court concerning the stipulation it was considering. The effect of the evidence was merely to prove that the stipulation as to attorney's fees in the note involved in this action did not render it nonnegotiable in Montana. Such stipulation did not render it nonnegotiable in this state. Chandler v. Kennedy, 8 S. D. 56, 65 N. W. 439; Johnson v. Schar, supra. There was therefore nothing in the evidence tending to prove that the law of Montana was different from the law of this state with respect to the words "other costs," etc., and reversible error was committed in receiving such evidence, and in charging the jury that the note was negotiable. Because of these errors, the learned circuit court was entirely justified in granting a new trial.

The order appealed from is affirmed.