WILLIAM BROWN, Respondent, v. EMMA VOSSEN, Appellant.

Kansas City Court of Appeals, May 22, 1905.

BILLS AND NOTES: Negotiability: Semiannual Compound Interest: Demand and Notice. A note set out in the opinion is held to be a negotiable instrument requiring demand and notice, notwithstanding it provides that if the interest be not paid semiannually it shall become as principal and bear interest at the same rate. Hope v. Barker, 112 Mo. 338, distinguished.

Appeal from Buchanan Circuit Court.—*Hon. W. K. Amick*, Special Judge.

REVERSED.

*Culver, Phillip & Spencer* for appellant.

(1) The fact that a promissory note upon its face bears a usurious rate of interest does not render it nonnegotiable. Goodin v. Buhler, 57 Mo. App. 63; Gilbert

& Eaton, Com. Paper, p. 200. (2) By the law merchant the test of negotiating was: (1) The note must contain a promise. (2) The promise must be unconditional. (3) It must be an absolute promise for the payment of money alone. (4) The amount of money and its time of payment must be certain. (5) The note must be specific as to all parties. (6) It must be delivered. Norton on Bills and Notes, p. 28. If these six elements were present the instrument was negotiable; and no text-book or decision can be found making a seventh requisite: that the interest charged should not be usurious. (3) The note is not non-negotiable because it bears compound interest. This court is asked to hold that compound interest notes are non-negotiable. (4) The requirement that negotiable paper should be for a precise amount applies rather to the principal amount than to the ancillary and incidental additions of interest, and the provision as to compounding interest does not render the note non-negotiable. Gilmore v. Hirst, 56 Kan. 626, 44 Pac. 603; Gilbert & Eaton, Com. Paper, pp. 199-200; Bank v. Good, 44 Mo. App. 129; Hope v. Barker, 112 Mo. 338. (5) In these circumstances under the express provisions of our statute, the plaintiff cannot recover. R. S. 1899, sec. 896; Ivory v. Carlin, 30 Mo. 142; Samstag v. Conley, 64 Mo. 476; Waver v. Beard, 21 Mo. 155.

*Chas. C. Crow* and *James W. Mytton* for respondent.

(1) The trial court did not rule that usury rendered a note non-negotiable, and no such question was presented to the trial court, but it did rule that the note in controversy is non-negotiable for the reason that the amount to become due was not stated definitely and was connected with an indefinite and uncertain sum, that is, the maker promised to pay $500 with interest at eight per cent per annum, and if interest be not paid semian-

nually, to become as principal and bear the same rate of interest.   Bank v. Gay, 63 Mo. 33; Creasy v. Gray, 88 Mo. App. 454, and cases cited; Chandler v. Calvert, 87 Mo. App. 368, and cases cited; Lamb v. Story, 45 Mich. 488, 52 Mich. 525; Read v. McNulty, 78 Am. Dec. 467; Fitzharris v. Leggart, 10 Mo. App. 527.   (2)   It will not do to say that the amount might become certain on the payment or non-payment of interest.   The note at the time of its execution must show upon its face what will be due at maturity, and any uncertainty as to the amount to become due as attorney fees, exchange or "all the fines according to rule," or any other contingency which may affect the amount to become due, renders the note non-negotiable.   Bank v. Gay, 63 Mo. 33; Chandler v. Calvert, 87 Mo. App. 368, and cases cited; Stillwell v. Craig, 58 Mo. 24; Fitzharris v. Leggatt, 10 Mo. App. 527; Hope v. Barker, 43 Mo. App. 632.   (3)   Not only does the uncertainty of the amount render this note non-negotiable, but the uncertainty upon which the amount is to be increased or decreased destroys its negotiability. Hope v. Barker, 112 Mo. 338; Chouteau v. Allen, 70 Mo. 339; Chandler v. Calvert, 87 Mo. App. 368, and cases cited; Fitzharris v. Leggatt, 10 Mo. App. 527.   (4)   The note sued upon being non-negotiable, there was no necessity for notice to the makers or to appellant as endorser. Tiedeman on Bills and Notes, secs. 114, 130.

ELLISON, J.—This action was brought against an indorser of a promissory note in the following words:

"$500.            Saint Joseph, Mo., April 9, 1901.

"Three years from date we promise to pay to the order of Emma Israel five hundred 00-100 dollars for value received, negotiable and payable without defalcation or discount and with interest from date at the rate of eight per cent per annum; and if interest be not paid semiannually to become as principal and bear the same rate of interest."   The judgment in the trial court was for the plaintiff.

It is contended by the defendant that the note is a negotiable instrument and that proper steps were not taken by plaintiff to charge her as indorser of such paper. The plaintiff insists that the note is not negotiable. The ground of plaintiff's insistence is that the note provides for interest compounded semiannually; and that therefore it is not for a certain sum, and not being for a certain and definite amount, cannot be negotiable. We have been cited to a case which was considered in this court (Hope v. Barker, 43 Mo. App. 632) and transferred to the Supreme Court where it was again considered (112 Mo. 338). The writer dissented from the views expressed by the majority in this court and had the case certified. But the Supreme Court took the view of the majority here; and so that must be considered to be the law, unless it should at some time be questioned by the Supreme Court itself. The note in that case read that the maker promised to pay a certain named sum without interest, if paid at maturity. But if not paid at maturity he was to pay the additional sum of ten per cent of that amount *from date*. Judge BLACK whose memory all lawyers in Missouri revere, stated in the opinion in that case, as I stated in expressing my views, that to be negotiable the note must be for a certain sum the payment of which must not depend upon any condition or contingency. But he overlooked the patent fact that the note he was considering did not provide for the payment of a certain named sum and that the sum to be paid on the note did depend on a contingency. The illustrations given by Judge BLACK, I think, were not applicable; for in each of them the amount of the note at any given time was certain. If, as mentioned by him, a note is payable in installments with a provision that a default on one would make all of them due, the *amount* of the note is certain and does not depend upon any contingency; though the *time* of its full *payment* may be shortened by a contingency. So with the illustration of a note drawing a certain rate of interest before and a different rate

after maturity, the amount of the note at maturity is certain and does not depend upon a contingency. But the amount which would be payable on the note in that case, at its maturity, was uncertain and depended upon a contingency during the entire year it was maturing. For, upon the contingency of its non-payment when due, there was to be ten per cent of its face then and there added to it. [Chouteau v. Allen, 70 Mo. 339; Altman v. Rittenshoffer, 68 Mich. 287; 1 Daniels, Neg. Inst., sec. 45a.]

I hope not to be understood as indulging in an improper spirit of criticism, as I, in common with the bar of the State, entertain the very highest respect and consideration for the distinguished jurist who wrote that opinion.

But notwithstanding the reference to that case by counsel in briefs and extended notice of it in oral argument, we are of the opinion that the note there considered is wholly unlike the note in controversy. The note here is for a certain sum with compound interest. There is nothing indefinite, contingent or uncertain in its terms. It provides that if interest was not paid when due, such interest should, thence on, itself draw interest. There can be no valid objection to such provisions in the law merchant. We therefore hold that the note is negotiable; and the proper steps not having been taken to charge defendant as indorser, the judgment should be reversed. All concur.