SHARPE, Respondent, v. SHOENBERGER, Appellant.

(184 N. W. 209.)

(File No. 4944. Opinion filed August 31, 1921. Rehearing denied November 22, 1921.)

1.  **Negotiable Instruments—8% "Semi Annually Until Paid," Interest "12% Per Annum After Maturity" or After Interest Default, Note Payable in 6 Months, Whether Non-negotiable for Uncertainty.**

    A note payable 6 months from date, and bearing 8% interest per annum payable semi-annually "until fully paid," but with interest at the rate of "12% per annum after maturity, or after default in payment of interest, and any interest overdue shall bear interest at the rate of 12% per annum," is not non-negotiable for indefiniteness; since, being payable 6 months after date, no uncertainty could be occasioned by failure to pay interest semi-annually, since the 12% provision could not

possibly become effective prior to maturity of note; and the note drew 8% before due and 12% thereafter.

**2.   Same—"Attorney's Fees and Collection Expense" On Default—**
   **Provision a Nullity and Surplusage Under Statute.**

A provision in a promissory note: "upon default in payment we agree to pay attorney's fees and collection expense," is an absolute nullity and surplusage under Sec. 1706, Code 1919, providing that nothing therein contained shall be construed as to authorize any court to include in any judgment or instrument made in this state any sum for attorney's fees or other costs not taxable by law; hence said note, wherein it contained said provision and the other provisions concerning interest, is negotiable.  So **held,** concerning a note indorsed to plaintiff before due but given for a gambling consideration.

Whiting, J., not sitting.

Appeal from Circuit Court, Minnehaha County.  Hon. Louis L. Fleeger, Judge.

Action by A. H. Sharpe, against H. A. Shoenberger, upon a promissory note.  From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.  Affirmed.

*Albert J. Keith,* and *Michael G. Luddy,* for Appellant.

*Kirby, Kirby & Kirby,* for Respondent.

(1)  To point one of the opinion, Appellant cited:  Code 1919, Sec. 1705; Davis v. Brady, 17 S. D. 511.

Respondent cited:  Merrill v. Hurley, 6 S. D. 592.

(2)  To point two, Appellant cited:  Johnson v. Schar, 9 S. D. 536; Bank v. Basuier, 12 C. C. A. 517, 65 Fed. 58; First Nat. Bank of Decorah v. Laughlin, (N. D.) 61 N. W. 473.

Respondent cited:  Montgomery v. Crossthwait, (Ala.) 8 So. 498; Lundeau v. Hamilton (Ia.) 159 N. W. 163.

McCOY, J. Action to recover upon a promissory note. From findings and judgment in favor of plaintiff, defendant appeals. Appellant raises the question of the sufficiency of the evidence to sustain the findings of fact, conclusions of law, and judgment. The note sued upon is in words and figures as follows:

"$400.00.            Kimball, South Dakota, April 9, 1920.

"October 9, 1920, after date, for value received, we jointly and severally, as principals, promise to pay to the order of Miles E. Peck, four hundred dollars.  Negotiable and payable at the Kimball Commercial & Savings Bank, Kimball, South Dakota, with interest at the rate of 8 per cent. per annum, payable semi-annually until fully paid, but with interest at the rate of 12

per cent. per annum after maturity, or after default in payment of interest; and any interest overdue shall bear interest at the rate of 12 per cent. per annum. Upon default in payment, we agree to pay attorney's fees and collection expenses, and in case of suit hereon, any justice of the peace may have jurisdiction hereof to the amount of cost of the case. The holder of this note may extend the time of payment thereof from time to time, without notice, but not for a period or periods aggregating more than 5 years from this date, and makers, indorsers, sureties and guarantors, waive demand for payment, notice of nonpayment, protest and notice of protest, and agree to all extensions of time within the five-year period above provided for. [Revenue stamps affixed, 8 cents.] H. A. Schoenberger."

[1] There is no dispute as to the facts. The said note was given in consideration of money lost in a gambling game. It is not disputed that the respondent obtained this note for value before maturity, and was a holder in good faith. No part of this note has ever been paid. It is the contention of appellant that said note upon its face, as a matter of law, is nonnegotiable, and was taken by respondent subject to the defense of a gambling consideration. It is the contention that the following provision contained in said note:

"With interest at the rate of 8 per cent. per annum payable semiannually until fully paid, but with interest at the rate of 12 per cent. per annum after maurity, or after default in the payment of interest, and any interest overdue shall bear interest at the rate of 12 per cent. per annum."

—makes said note nonnegotiable for the reason that said provision in said note constitutes a conditional promise uncertain of fulfillment, and that it could not be determined with any degree of accuracy the amount due or to be paid upon said instrument. We are of the opinion that if this note had been made payable one or two or more years after date this provision thereof would have made the same a nonnegotiable note by reason of the uncertainty of said promise; but the note in question, being dated on the 9th day of April, 1920, and maturing and becoming due on the 9th day of October, 1920, just six months, or one-half of one year, there could be no uncertainty occasioned by the failure to pay interest semiannually as the provision in relation to the

payment of interest at the rate of 12 per cent. per annum under the terms of this note could, under no possible circumstances, become effective prior to the maturity of the note. The effect of this provision is that interest is payable at the rate of 8 per cent. per annum before due and 12 per cent. after due.

[2] Appellant also contends that the following provision contained in said note renders the same nonnegotiable:

"Upon default in payment we agree to pay attorney's fees and collection expenses."

We are of the opinion that under the provisions of section 1706, Code 1919, Negotiable Instrument Law, which provides that nothing therein contained shall be construed to authorize any court to include in any judgment or instrument made in this state any sum for attorney's fees or other costs not taxable by law, constitutes that portion of said note an absolute nullity and surplusage, the same as if it were not contained therein. Chandler v. Kennedy, 8 S. D. 56, 65 N. W. 439; Johnson v. Schar, 9 S. D. 536, 70 N. W. 838. Hence we are of the view that the note in question is negotiable.

Finding no error in the record, the judgment and order appealed from are affirmed.

WHITING, J., not sitting.