WILLIAM H. CRUMP AND BENJAMIN C. HAYMAN v. CHARLES J. BERDAN.

*Bills and notes—Negotiability—Certainty of amount—Instructions to jury.*

1. The negotiable character of a promissory note bearing 7 per cent. interest is not destroyed by adding an agreement to pay 10 per cent. interest from date if the note is not paid at maturity.[1]

---

[1] For cases holding that certain instruments are promissory notes. see:

1. *Beardslee v. Horton*, 3 Mich. 560, holding that the negotiable character of a promissory note is not destroyed by a recitation that it is given for a fanning mill, which is warranted to do good work, and that the maker may return the mill within a given time, and exchange it for another mill, if it fails to answer the warranty.

2. *Littlefield v. Hodge*, 6 Mich. 326, holding that a promissory note does not lose its negotiable character because it purports to be according to the conditions of a mortgage, where there is no repugnancy between the conditions of the two instruments.

3. *Smith v. Kendall*, 9 Mich. 241, holding that an agreement to

2. It is reversible error for the trial judge not only to fail to correct an erroneous statement of counsel as to the law, made during the charge, but, by a colloquy with counsel, to give the jury to understand that his statement is correct.

pay a specified sum of money to the payee, or order, at a given time, "with current exchange on New York," is a promissory note.

4. *Knight v. Jones*, 21 Mich. 161, holding that an agreement to pay "Mary Knight, or heirs, the sum making $450 January 1, 1868," is sufficiently definite as to the amount to be paid and the payee to entitle it to be admitted in evidence as a promissory note.

5. *Preston v. Whitney*, 23 Mich. 260, holding that the addition of a memorandum to a promissory note, that it is to be valid as part payment for a piano purchased of the payee, does not change the character of the instrument.

6. *Black v. Ward*, 27 Mich. 191, holding that a promissory note made and indorsed in Michigan, and payable in Canada "in Canada currency," is a note payable in Canada precisely as if it had been made there without qualification, or, in other words, that the note is payable in the lawful money of Canada.

7. *Wright v. Irwin*, 33 Mich. 32, holding that an agreement to pay a designated railroad company, or bearer, $1,500, in payments of 20 per cent. per month from a given date, towards right of way and grading a section of the payee's railroad, is a promissory note.

For cases holding that certain instruments *are not* promissory notes, see:

1. *Fralick v. Norton*, 2 Mich. 130, holding that the addition to a promissory note of an agreement by the payee, that the payment of a sum less than the principal 10 days before its maturity, shall cancel the note, destroys its negotiability.

2. *Fox v. Shipman*, 19 Mich. 218, holding that a warrant drawn by school officers upon the township treasurer in favor of the assessor of the district, and accepted by the treasurer is not negotiable.

3. *Brooks v. Hargreaves*, 21 Mich. 254, holding that the addition to a promissory note of a statement that it is to be paid whenever any dividends shall be declared on such stock as the maker has theretofore been holding in a designated corporation destroys the negotiability of the note.

4. *Bannister v. Rouse*, 44 Mich. 428, holding that an instrument in the form of a promissory note, which provides for the retention by the payee of the title to a piano, for the payment of a portion of the purchase price of which the note is given, with the option in case of non-payment to take possession of the piano or collect the note, is not a promissory note.

5. *Lamb v. Story*, 45 Mich. 488, and *Story v. Lamb*, 52 Id. 525, holding that the addition to a promissory note, due in two years, of a provision that if it is paid in one year no interest shall be paid, destroys the negotiable character of the instrument.

6. *Smith v. Van Blarcom*, 45 Mich. 371, holding that the time of payment of a promissory note is rendered uncertain, and its negotiability destroyed, by attaching thereto an agreement that the payee or his assigns may extend the time of payment indefinitely, as he or they may see fit.

7. *Goodenow v. Curtis*, 33 Mich. 505, holding that an agreement to pay $2,000 to Thomas Curtis, or bearer, according to a certain

Error to Manistee. (Judkins, J.) Submitted on briefs. June 21, 1893. Decided October 27, 1893.

*Assumpsit.* Plaintiffs bring error. Reversed. The facts. are stated in the opinion.

*P. W. Niskern,* for appellants.

*Smurthwaite & Higgins,* for defendant.

mortgage of even date, payable to said Curtis, is not a promissory note, it appearing that the mortgage is not payable absolutely, but only on certain contingencies, and that the time of payment is subject to be fixed or changed by the performance of certain acts by the payee.

8. *Humphrey v. Beckwith,* 48 Mich. 151, holding that an instrument by which the promisor aggrees to pay a specified sum of money on or before four years from date, with interest at 10 per cent., not to be paid annually unless he can make it convenient, and which provides that other security shall be taken in exchange for the agreement when the promisor can realize in proper shape from a specified source, is not negotiable.

9. *Rawson v. Davidson,* 49 Mich. 607, holding that the addition of a seal to the signature of the maker of a promissory note destroys the negotiability of the note, as it extends the period of the statute of limitations.

10. *Bank v. Purdy,* 56 Mich.[1] 6, holding that by inserting in a promissory note an agreement for the payment of an increased rate of interest if the principal is not paid at maturity, and for the payment of exchange, and all expenses, including attorney's fee, incurred in collecting the note, the negotiability of the note is destroyed.

11. *Bank v. Carson,* 60 Mich. 432, holding that the addition of a condition that the sale or removal of the property for which the note is given shall cause the debt at once to mature destroys its negotiable character.

12. *Chandler v. Carey,* 64 Mich. 237, holding that an agreement to pay a fixed sum of money to the payee, or bearer, on or before a given date, upon the completion of certain specified work agreed to be performed for the maker by the payee, is not a promissory note.

13. *Altman v. Rittershofer,* 68 Mich. 287, and *Altman v. Fowler,* 70 Id. 57, holding that the addition of an agreement to pay "attorney's fees," without stating any amount, renders the note non-negotiable; and *Wright v. Traver,* 73 Mich. 493, where the same rule is applied to an agreement to pay 10 per cent. attorney's fees, and the provision is held void,—citing *Bullock v. Taylor,* 39 Mich. 137, as to the last proposition.

14. *Bank v. Wheeler,* 75 Mich. 546, holding that an agreement to pay $150 on or before a certain date, with 7 per cent. interest from date, and 8 per cent. interest after maturity, and 5 per cent. attorney's fees, is not a promissory note.

15. *Brewing Co. v. McKittrick,* 86 Mich. 191, holding that an instrument in form a promissory note, but which authorizes a confession of judgment for the amount due thereon, with costs, and the usual attorney's fees, is not a promissory note.

MONTGOMERY, J.    Plaintiffs brought suit on two prom-
issory notes, amounting at the time of the trial to $112.50.
The plaintiffs introduced the notes, and rested their case.
The defendant then offered testimony tending to show that
the notes were given without consideration, and were obtained
by a fraud perpetrated by the payee, one S. S. Saunders.    The
plaintiffs, in rebuttal, gave testimony tending to show that the
notes were purchased by them for value, before maturity,
in good faith, and without any knowledge on their part of
any fraud in the procuring of the notes, or of any failure
of consideration.    The court, in a very fair and full charge,
submitted to the jury the questions of whether there was
fraud, and whether the plaintiffs purchased the notes in
good faith and for value before maturity.    Some criticism is
made of the charge upon these points, but it follows so
closely the lines of repeated adjudications of this Court
that it is not desirable to demonstrate its correctness by
extended quotations.    At the conclusion of the charge, how-
ever, the following occurred:

"And before the plaintiffs can be defeated at all, gentle-
men, you must find fraud,—such fraud practiced by this
man Saunders as would have defeated the notes in his
hands; *secondly,* that these plaintiffs had notice of it or
knowledge of it before they purchased the notes.

"*Mr. Withey, Counsel for Defendant:*  Our theory is that
they did not buy them; that they received them as col-
lateral.

"*The Court:*    Suppose they were taken as collateral, in
good faith?

"*Mr. Withey:*    They were held only as security, and they
belonged to this man Saunders all the while.    They could
not recover them.

"*The Court:*    Now, gentlemen, that is all there is to it.
On the law it is a very plain case, and on the facts it pre-
sents a question for your solution."

The court not only failed to correct the statement of
law by Mr. Withey, but by putting the question as he did
in connection with his charge, and permitting the answer

of Mr. Withey to stand, allowed the jury to draw the inference that Mr. Withey's statement of the law was correct. As far as there was any testimony tending to show that the notes were received as collateral, it also tended to show that the plaintiffs parted with value at the time of this receipt. Under these circumstances, certainly, the statement of Mr. Withey was not a correct statement of law. See 1 Daniel, Neg. Inst. §§ 820–833; *Railroad Co. v. National Bank*, 102 U. S. 14; and cases cited in note to *Miller v. Finley*, 26 Mich. (Ann. ed.) 249.

The notes in question each provided for the payment of a certain sum, with interest at 7 per cent., and contained the further stipulation: "If not paid when due, I agree to pay 10 per cent. interest from date until paid." It is contended by the appellee that this introduced an uncertainty as to the amount, and that, therefore, the notes were not negotiable, and that, if this be so, the plaintiffs could not have been damaged by the instructions given. We think there was no such uncertainty as to the amount as to destroy the character of negotiability in the instrument. The precise question is decided in *Hope v. Barker*, 43 Mo. App. 632; and in *Russell & Co. v. Klink*, 53 Mich. 161, a note containing a like stipulation was treated by this Court as negotiable, although the question was not discussed. There was not wanting the element of certainty in the note. There was no date at which the precise amount due upon the note could not have been determined by an inspection of the instrument itself.

A discussion of the other questions involved would not, we think, be of any material aid in a new trial of the cause.

For the error pointed out the judgment will be reversed, and a new trial ordered.

The other Justices concurred.