---

STETTHEIMER ET AL., APPELLANTS, *v.* CITY OF BUTTE, RESPONDENT.

(No. 4,324.)

(Submitted April 12, 1921. Decided May 23, 1921.)

[198 Pac. 455.]

*Quieting Title—Cities and Towns—Streets and Alleys—Prescription — Adverse Possession — Evidence — Sufficiency — Findings—New Trial Order—Discretion.*

Quieting Title—Cities and Towns—Prescription—Adverse Possession—Findings—Evidence—Sufficiency.

1. In an action to quiet title to portions of a lode mining claim asserted by defendant city to have been in its possession and used by it adversely for street purposes for more than the statutory period, evidence *held* not to preponderate against the finding of the jury in favor of defendant.

New Trial Order—Discretion—Appeal and Error.

2. It is only for manifest abuse of discretion on the part of the trial court in granting or refusing a new trial that its action will be reversed on appeal.

Cities and Towns—Streets and Alleys—Prescription.

3. Under sections 6432 and 6435, Revised Codes, a prescriptive right can be built upon public use of land for street purposes, jurisdiction having been acquired by the city authorities and maintained for a period of ten years.

*Appeal from District Court, Silver Bow County; Edwin M. Lamb, Judge.*

ACTION by Joseph C. Stettheimer and others against the City of Butte. Verdict and judgment for the defendant. From an order denying motion for new trial, the plaintiffs appeal. Affirmed.

*Mr. Frank Woody, Mr. B. K. Wheeler,* and *Mr. A. A. Grorud,* for Appellants, submitted a brief; *Mr. Woody* argued the cause orally.

Continued user by the public for the statutory period of limitation is not sufficient to vest rights. As in all other cases of title acquired by prescription, the user must be adverse. A permissive user will never ripen into a right by prescription. The claim of right, as in all other cases of adverse possession, must be open and notorious, and here there was nothing of that kind. (*Hartley* v. *Vermillion* (Cal.), 70 Pac. 273; *Watson* v. *Board,* 38 Wash. 662, 80 Pac. 201; *Board* v. *Patrick,* 18 Wyo. 130, 107 Pac. 748.) There must be something more than mere travel over uninclosed lands by the public in order to establish a public highway over the same by prescription. (*O'Connell* v. *Chicago etc. R. Co.,* 184 Ill. 308, 56 N. E. 355; see, also, *Barnard Realty Co.* v. *City of Butte,* 48 Mont. 102, 136 Pac. 1064.)

The record in this case fails to show any of the elements of dedication by the city. The respondent relies upon prescription to sustain the title to the land in controversy.

*Mr. R. L. Clinton, Mr. C. F. Juttner* and *Mr. N. A. Rotering,* for Respondent, submitted a brief; *Mr. Clinton* argued the cause orally.

Since 1895, one of the essential elements is the assuming of jurisdiction of the ground by the public authorities. In this case the proof preponderates decidedly to the effect that the public used the ground as streets and that the public author-

ities assumed control over them. Hence the decree of the court is right. (*Pope* v. *Alexander,* 36 Mont. 82, 92 Pac. 203; *Lockey* v. *City of Bozeman,* 42 Mont. 387, 113 Pac. 286.) There is nothing in the case of *Barnard Realty Co.* v. *City of Butte,* 48 Mont. 102, 136 Pac. 1064, and 55 Mont. 384, 177 Pac. 402, which holds contrary to our contentions. In that case the evidence preponderated decidedly against the decree.

The answer did not contain any plea of dedication. But that evidence or proof of common-law dedication is admissible under a general denial is indicated by the decision of the court in the case of *Kaufman* v. *City of Butte,* 48 Mont. 400, 138 Pac. 770.

Selling lots according to the map or plat on which streets and alleys are delineated, whether recorded or not, operates as an irrevocable dedication of the streets to the municipal government and to public use. (*Kittle* v. *Pfeifer,* 22 Cal. 484; *Preston* v. *City of Navasota,* 34 Tex. 684; *Winona* v. *Huff,* 11 Minn. (Gil. 75) 119; *Carter* v. *City of Portland,* 4 Or. 339; *Lockland* v. *Smiley,* 26 Ohio St. 94; *Bridges* v. *Wyckoff,* 67 N. Y. 130; *Schneider* v. *Jacob,* 86 Ky. 101, 5 S. W. 350.) User proves acceptance. (*San Francisco* v. *Canavan,* 42 Cal. 541; *Carpenteria School District* v. *Heath,* 56 Cal. 478.)

A dedication of a street or highway may be inferred from a long and uninterrupted user by the public with the knowledge and consent of the owner. (*McKey* v. *Hyde Park Village,* 134 U. S. 84, 33 L. Ed. 860, 10 Sup. Ct. Rep. 512; *Pollard* v. *Hagan,* 44 U. S. 212, 11 L. Ed. 565 [see, also, Rose's U. S. Notes].)

MR. JUSTICE COOPER delivered the opinion of the court.

This action involves the right of the defendant to use and occupy portions of the Frankie lode. The premises in dispute are traversed by the southern extension of Main Street, and by Kaw Avenue from its junction with Main Street to its outlet into Front Street.

The plaintiffs allege that they are the owners of the Frankie lode claim, and that defendant, without right, by force of arms, and against their will, entered into the possession of portions thereof, began, and are still hauling and depositing dirt thereon, and withholding possession thereof from plaintiffs under a pretended claim of right thereto. The prayer is that the defendant be restrained from further interference with their possession; that their title be quieted and the cloud thus cast thereon removed. Defendant's answer is that for more than thirty years immediately prior to April 30, 1913, as against the plaintiffs and all others, it has been in the sole, notorious, exclusive and adverse use and possession thereof as public streets and thoroughfares of the city known as Kaw Avenue and Main Street; and for a period of more than ten years next preceding April 30, 1913, the people of the city of Butte and the public generally have used and enjoyed the portions in dispute as such. These averments are put in issue by plaintiffs' reply thereto. The case was tried by the court with the aid of a jury. Upon the evidence adduced, and under the court's instructions, the jury returned a general verdict in favor of the defendant, and judgment was entered thereon. Plaintiffs' motion for a new trial was denied, and this appeal is from that order.

In the brief and argument, appellants confine the issues for our consideration to the naked legal question of the sufficiency of the evidence to establish adverse user by the city for the period of ten years next preceding the thirtieth day of April, 1913. Despite the nature of the action, the case was submitted to the jury upon the evidence and the instructions of the court upon the law, upon which a general verdict for defendant was [1] returned. Assuming, without deciding, that plaintiffs' title to the ground occupied was complete, nevertheless, if the defendant adduced proof sufficient to take the case to the jury upon the question of its adverse occupancy and use for the period prescribed by the statute (Rev. Codes, secs. 6432, 6435),

[60 Mont. 111.]

the findings of the jury are not to be disturbed on appeal—unless the evidence preponderates against them—for the reason that: Since the enactment of section 6253 of the Revised Codes, on appeals in equity cases, this court has observed the rule: The findings of the trial court will not be set aside unless there is a decided preponderance in the evidence against them; and, when the evidence as it appears in the record, fully considered, furnishes reasonable grounds for different conclusions, the findings will not be disturbed." (*Gibson* v. *Morris State Bank,* 49 Mont. 60, 140 Pac. 76.) Primarily, the question at issue was one for solution by the [2] jury and the trial court.

"As we have so often said, the conclusion of the jury in such a case must be accepted as final and conclusive, subject to the rule, however, that it is within the sound legal discretion of the trial judge to grant a new trial on motion of the losing party, if, aided by his recollection of the appearance and conduct of the witnesses in giving their testimony at the trial, he is impelled to the conclusion that the evidence as a whole preponderates against the verdict. (*Orr* v. *Haskell,* 2 Mont. 225; *Western Min. Supply Co.* v. *Melzner,* 48 Mont. 174, 136 Pac. 44; *Gibson* v. *Morris State Bank* [*supra*].) Otherwise the motion should be denied. In no case will the conclusion of the trial judge in disposing of the motion be revised by this court, except for manifest abuse of discretion." (*Jones* v. *Shannon,* 55 Mont. 225, 175 Pac. 882.)

The action is of equitable cognizance. (*Barnard Realty Co.* v. *City of Butte,* 48 Mont. 102, 136 Pac. 1064; *Id.,* 55 Mont. 384, 177 Pac. 402.) Unless, therefore, the evidence does preponderate against the findings of the jury, it was no abuse of discretion to refuse plaintiffs a new trial. (*Robitaille* v. *Boulet,* 53 Mont. 66, 161 Pac. 163; *Pope* v. *Alexander,* 36 Mont. 82, 92 Pac. 203, 565.) The reason why this is so is made apparent from the language of Chief Justice Brantly, expressing the opinion of this court on rehearing, in the case

last cited, *viz.*: "Though the evidence is presented in question and answer, it is in cold type, without the gestures, behavior or appearance of the witnesses, and often, as in this case, the illustrations made by them through the medium of maps, diagrams and other instrumentalities used to make their statements intelligible. It would be manifestly out of place for this court to undertake to try a case and determine it as does the district court."

Upon the trial below, seven witnesses testified that Kaw Avenue and the portion of Main Street in dispute had been continuously traveled as streets and highways for a period ranging from seventeen to twenty years prior to the trial. Other persons were present to testify to the same thing. They were not put upon the stand because of a rule of the court which limited the witnesses upon the one point to that number. At least three of the seven witnesses produced by the defendant had been employed at its expense in directing or doing the work of grading, leveling, surfacing and filling in the strips of ground within the confines of Kaw Avenue and the portion of Main Street in dispute at various times during that period. In this condition of the evidence, the presumption that the property in dispute had been occupied and used by the city openly and notoriously adverse to plaintiff's legal title for more than ten years before the commencement of the action has not been overcome. The finding of the jury to that effect places it beyond revision by this court. Under sections 6432 and 6435 [3] a prescriptive right can be built upon public use of land for streets and thoroughfares, when jurisdiction has been acquired by the city authorities and maintained for a period of ten years, as the proof here shows it was. These sections of the Codes, in conjunction with section 3259, were so construed in *Barnard Realty Co.* v. *City of Butte*, 48 Mont., at p. 111, 136 Pac. 1068, as this language exemplifies: "That the streets of these municipalities are subject to the control of the municipal authorities is true. (Sec. 3259, Rev. Codes.) That

the provision in question does not in terms refer to them is also true. But, taking sections 1337 and 1340 together, a legislative intention is clearly evinced to provide a general rule by which highways of every character may be established or vacated. The latter section has reference to those highways enumerated in the former, to streets, *etc.*, as well as to county roads; and though the only public authority mentioned is the board of county commissioners, it cannot be conceived that the legislature by this reference alone intended that this board should thereafter have control of the streets of cities and towns, or that these should be established by methods other than those prescribed for the establishment of county roads." Upon that point—the only one seriously controverted by plaintiffs— the jury found, not only that the public had enjoyed continuous and uninterrupted use of the premises in dispute, but that by building up and maintaining them as streets of the city the defendant had assumed and maintained proprietorship and jurisdiction over them for the full period named in the statute. This fully satisfied the requirements of sections 1337 and 1340 of the Revised Codes.

An examination of the authorities upon which appellants rely for a reversal of the ruling of the trial court discloses the fact that they are all based upon statutes different in language and in terms from our own, and are not authority upon this appeal.

The order appealed from is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, HOLLOWAY and GALEN concur.