CANONICA, APPELLANT, v. ST. GEORGE, RESPONDENT.

(No. 4,817.)

(Submitted June 3, 1922. Decided July 10, 1922.)

[208 Pac. 607.]

*Names—Doing Business Under Fictitious Name—Statutory Requirements—Noncompliance—Matter of Defense—Waiver—Appeal and Error.*

Appeal and Error—Error Induced by Appellant.
1. Of an error induced by appellant he cannot complain.

Doing Business Under Fictitious Name—Statutory Requirement to be Met, When.
2. If the name under which a business is transacted fairly discloses the true name of the individual (or of each partner in case of a partnership), the statute (sec. 8024, Rev. Codes 1921) requiring the filing of a certificate disclosing the true name (or names) does not apply; otherwise the name used is fictitious and the requirement must be met.

Same—Failure to File Certificate Does not Invalidate Contract.
3. Failure of one doing business under a fictitious name to file the certificate showing his true name does not invalidate the contract or other transaction sued on by him or destroy his right of action, but operates only upon the remedy and then only until the requirements of the statute have been met.

Same—Failure to File Certificate Matter of Defense—Waiver.
4. In an action to recover on a contract or obligation by one doing business under a fictitious name, an allegation that he has complied with the statute covering the subject is not a part of the statement of his cause of action, his failure in that regard being a matter of defense which must be specially pleaded, else it is waived.

Same — Noncompliance of Plaintiff With Statute — Nonsuit Improper, When.
5. Where plaintiff, in an action for work and labor performed, doing business under the fictitious name of "Tony's Tin Shop," in which the special defense that he had not filed the certificate required by section 8024 had been erroneously stricken on motion of plaintiff, had made out a *prima facie* case and there was not any evidence before the court that he had not complied with the statute, the granting of a nonsuit on the ground that he had not proved compliance with the provisions of the section, was error.

Appeals from District Court, Silver Bow County; Edwin M. Lamb, Judge.

Authorities passing on the question as to what names or designations are within statute requiring the filing of a certificate giving certain information regarding a business conducted under an assumed or fictitious name or a designation not showing the names of the persons interested, see notes in 10 **Ann. Cas.** 812; **L. R. A.** 1916D, 355.

[64 Mont. 200.]

ACTION by Tony Canonica against Mrs. Albina St. George. From a judgment for defendant and from an order denying his motion for new trial, plaintiff appeals. Reversed and remanded.

Cause submitted on briefs of Counsel.

*Mr. Charles E. O'Neill* and *Mr. Clarence Hanley,* for Appellant.

We submit that there was neither a counterfeit, feigned or pretended, name used by Tony Canonica as one of the contracting parties and that the contract was not entered into with the intent to deceive or mislead; that the term "Tony's Tin Shop" is not fictitious, but is his true name, in part accompanied by a trade designation; that respondent was not misled or deceived is evident from the fact that in her answer setting up the alleged contract as the basis of her counterclaim, she alleges therein that she, defendant, and plaintiff entered into the contract, and the term "Tony's Tin Shop" appears on both contracts. Anyone dealing with Tony Canonica under the name of Tony's Tin Shop would certainly know who they were contracting with, and therefore could not be misled or deceived, and it must follow that such a use of his name would not make it fictitious. (*McGillivray* v. *Columbia Salmon Co.,* 104 Wash. 623, 177 Pac. 660; *Spreckels* v. *Grace Darling Hospital Assn.,* 28 Cal. App. 646, 153 Pac. 718; *Kohler* v. *Stephenson,* 39 Cal. App. 374, 178 Pac. 970; *Pendleton* v. *Cline,* 85 Cal. 142, 24 Pac. 659; *Carlock* v. *Cagnacci,* 88 Cal. 600, 26 Pac. 597; *Guiterman* v. *Wishon,* 21 Mont. 458, 54 Pac. 566; *Vaughan* v. *Kujath,* 44 Mont. 484, 120 Pac. 1121; *Carson-Rand Co.* v. *Stern,* 129 Mo. 381, 32 L. R. A. 420, 31 S. W. 772; *Lander* v. *Sheehan,* 32 Mont. 25, 79 Pac. 406.)

*Messrs. Nolan & Donovan* and *Mr. George Bourquin,* for Respondent.

The plaintiff's failure to show that he had complied with sections 5504–5509, Revised Codes of 1907, precludes him from maintaining a suit upon the contract. Persons who carry on business under an assumed name without complying with the statute requiring them to file their true names in the office of the county clerk cannot maintain actions in the courts to enforce contracts made under a fictitious name. (*Reilly* v. *Hatheway,* 46 Mont. 1, 125 Pac. 417; *Cashin* v. *Pliter,* 168 Mich. 386, Ann. Cas. 1913C, 697, 134 N. W. 482; *Hunter* v. *Big Four Auto Co.,* 162 Ky. 778, L. R. A. 1915D, 987, 173 S. W. 120.)

That the name under which a person does business in order not to be fictitious must show the names of the person or persons interested is supported by the following authorities: *Clark* v. *Holman,* 204 Mich. 62, 170 N. W. 23; *Balfour, Guthrie & Co.* v. *Knight,* 86 Or. 165, 167 Pac. 484; *Uhlmann* v. *Kin Daw,* 97 Or. 681, 193 Pac. 435.

The alleged contract as set up in the pleadings reads, "submitted by Tony's Tin Shop, Tony Canonica representing said Tony's Tin Shop"; "for the net sum of eight hundred ($800.00) dollars Tony's Tin Shop hereby proposes to furnish and install"; "it is hereby agreed that the necessary carpenter work and brick work to be done by Tony's Tin Shop"; "Tony's Tin Shop shall receive the sum of"; "it is hereby agreed and understood that the full title and claim on the two furnaces shall remain in Tony's Tin Shop until all payments are made and the contract carried out.

"Signed, TONY'S TIN SHOP,
"By TONY CANONICA."

Where the name of the principal is separated by the word "by" from the name of the representative, the representative is not a party to the contract. (R. C. L., p. 876, sec. 264, 42 L. R. A. (n. s.) 3 *et seq.,* note.)

[64 Mont. 200.]

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was instituted by Tony Canonica against Mrs. St. George to recover $450 alleged to be due as a balance on the contract price for work and labor performed and materials furnished in installing two heating plants. The action is based upon a written contract dated July 30, 1918. The complaint is in the usual form. It sets forth the contract relied upon, alleges performance by plaintiff, and that of the agreed price of $800 only the sum of $350 has been paid.

The answer consists of (a) denials, (b) a special defense, and (c) a counterclaim. (a) All of the allegations of the complaint are denied except the allegation that defendant had paid to plaintiff the sum of $350. (b) As a special defense it is alleged that plaintiff transacted business under a fictitious name, to-wit, "Tony's Tin Shop," and has not complied with the statutes of this state. The facts constituting the breach are set forth in detail. (c) As a counterclaim defendant alleges that the work and labor were to be performed and the materials were to be furnished under a contract dated July 24, 1918; that plaintiff failed to perform the agreement on his part—specifying the particulars in which he failed—and as a result defendant was put to great expense and annoyance, to her damage in the sum of $1,000. Upon motion of plaintiff the court struck out the special defense, and a reply was then filed which traverses the allegations of the counterclaim.

At the conclusion of plaintiff's case the court granted a motion for a nonsuit, and judgment was rendered and entered in favor of defendant for costs. Plaintiff has appealed from the judgment and from an order denying him a new trial.

The trial court struck out the special defense, evidently upon the theory that the facts pleaded therein do not constitute a defense, and then nonsuited the plaintiff because he had not proved that he had complied with the provisions

of section 5509 of the Revised Codes 1907 (sec. 8024, Rev. Codes 1921). In each instance the court erred, but, since [1] the first error was induced by plaintiff, he cannot complain of the ruling in his own favor upon his own motion.

Our statutes dealing with the use of fictitious names were [2] introduced into the Codes of 1895, and comprised sections 3280 to 3284, Civil Code. They related exclusively to partnerships. Section 3280 provided that any partnership transacting business under a fictitious name or designation not showing the names of the persons interested as partners in such business should file with the county clerk of the county in which the principal place of business was situated, a certificate stating in full the name and place of residence of every member of the partnership, and publish such certificate once a week for four successive weeks, *etc.* Section 3281 provided, among other things, that persons doing business as partners without complying with the law should not maintain any action upon or on account of any contract made or transaction had in the partnership name ''until they have first filed the certificate and made the publication herein required.'' Section 3282 provided for a new certificate whenever there occurred any change in the personnel of the partnership. Section 3283 provided for the proper record to be kept by the county clerk, and section 3284 prescribed a rule of evidence.

In 1905 this court had before it the case of *Lander* v. *Sheehan,* 32 Mont. 25, 79 Pac. 406, and held that the statutes above had no application to a single individual doing business under a fictitious name. In 1907 (Laws 1907, Chap. 150) the legislature enacted a measure which was to be known as section 3285, Civil Code, and which applied the rules of the preceding sections to individuals.

These six sections were carried forward into the revision of 1907 as sections 5504 to 5509, Revised Codes of 1907, and are now sections 8019–8024, Revised Codes of 1921. The section added in 1907, now section 8024, Revised Codes of 1921, reads as follows: ''Every individual now transacting business

or who may hereafter transact business, in this state under a fictitious name, or a style or designation purporting to be a firm name or corporate name, shall file and publish, or cause to be filed and published, the certificates described in sections 8019, 8020, and 8021 of this Code. Anyone doing business contrary to the provisions of this section shall be subject to the disabilities and provisions of section 8020 of this Code.''

Similar statutes are in force in many states, and decided cases construing them are cited in the notes to *Bolen* v. *Ligett,* L. R. A. 1916D, 355. The object of these statutes is to prohibit persons from concealing their identity in their business transactions, under the cloak of assumed or fictitious names or designations. If the identity is not disclosed in the name or designation employed, then it must be disclosed in the public record provided for that purpose. From the statutes themselves, and from the decided cases construing them, including our own cases, these general rules are deducible:

(1) If the name under which the business is transacted fairly discloses the true name of the individual or of each copartner, as the case may be, the statutes do not apply, and the certificate is not required; on the contrary, if the used name does not fairly disclose the true name of the individual or the true name of each partner, as the case may be, it is fictitious within the meaning of the statutes. (*Guiterman* v. *Wishon,* 21 Mont. 458, 54 Pac. 566; *Vaughan* v. *Kujath,* 44 Mont. 484, 120 Pac. 1121; and other cases cited in L. R. A. 1916D, above.)

(2) Failure to observe the mandate of the statutes does not [3] invalidate the contracts or other transactions. It does not destroy the right of action, but operates only upon the remedy, and then only until the requirements have been met. (*Croft* v. *Bain,* 49 Mont. 484, 143 Pac. 960; *McGillivray* v. *Columbia Salmon Co.,* 104 Wash. 623, 177 Pac. 660.)

(3) An allegation that plaintiff has complied with the statute [4] is not any part of the statement of his cause of action; on the contrary, failure to comply is a matter of defense

which must be specially pleaded in the answer, or it is waived. (*Reilly* v. *Hatheway*, 46 Mont. 1, 125 Pac. 417.)

It may be conceded at once that the name "Tony's Tin [5] Shop" does not disclose the true name of the person who transacted business under that designation; but whether plaintiff had complied with the statute was a question to be determined by the court if it was raised. Since the burden was upon the defendant to plead noncompliance, the burden was equally upon her to prove it. When plaintiff rested, he had made out a *prima facie* case, and there was not any evidence that he had not complied with the statutes.

The court erred in granting the motion for a nonsuit, and for this reason the judgment and order are reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

ASSOCIATE JUSTICES FARR, COOPER and GALEN and HONORABLE ROY E. AYERS, District Judge, sitting in place of MR. CHIEF JUSTICE BRANTLY, disqualified, concur.