OLSEN, Appellant, *v.* ZAPPONE, Respondent.

(No. 6,322.)

(Submitted on Rehearing December 29, 1928. Decided January 7, 1929.)

[273 Pac. 635.]

574

*Messrs. Belden & DeKalb* and *Mr. Merle C. Groene,* for Appellant, submitted a brief; *Mr. Groene* argued the cause orally.

*Mr. E. K. Cheadle,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

On rehearing. This action was instituted by the plaintiff to recover the sum of $138.25, together with interest and a reasonable attorney's fee, on a promissory note executed December 4, 1926, by the defendant in favor of R. B. Jackson, due thirty days after date, alleged to have been indorsed to the plaintiff before maturity.

In answer to the complaint the defendant admitted the execution and delivery of the note to Jackson, but denied that it was indorsed and transferred by him to the plaintiff prior to maturity; and by way of separate answer and affirmative defense alleged that on the date of the execution and delivery of the note described in plaintiff's complaint, the payee therein named, R. B. Jackson, "made, executed and delivered to the defendant his promissory note in writing" for the same amount and on the same terms as the defendant's note, it being simultaneously agreed between the parties that at the maturity of the notes "the same and each of them should be returned to the maker thereof, in payment of the other, and that the same should not be collectible in money; that it was further agreed between the said payees that neither of said notes should be indorsed, assigned or transferred for any purpose, but that the payee of each of said notes should retain possession of the same until returned to the maker thereof in accordance with the terms of the said agreement; that the defendant herein still retains and now has in his possession, and is the owner and holder of the said promissory note executed and delivered by the said R. B. Jackson; that he retained the same according to the terms of said agreement until maturity of the same, at which time he offered to return the same and demanded of the said R. B. Jackson that he return to defendant the above-described promissory note executed and delivered by the defendant to the said R. B. Jackson, but that the said R. B. Jackson failed and refused to return the same to the defendant herein; that the note sued upon * * * was indorsed and transferred by the said R. B. Jackson to the plaintiff herein, if at all, subsequent to the maturity thereof and that the title of the said R. B. Jackson to the said note was defective if and when he negotiated the same to the plaintiff, of which fact the plaintiff had notice; that the plaintiff took the said instrument, if at all, without good faith." The answer con-

cluded with a prayer that the plaintiff's complaint be dismissed and that costs be awarded to the defendant.

Issue was joined upon all of the allegations of the defendant's separate answer by plaintiff's reply thereto, and the cause was brought on for trial before a jury. At the conclusion of testimony introduced by the plaintiff supporting the allegations of his complaint, the plaintiff rested, and thereupon the defendant was called to the stand as a witness for the defense. After he was sworn and had taken the stand and given his name, the plaintiff objected to the introduction of any evidence in support of his separate answer, upon the ground that it did not state facts sufficient to constitute a defense, which objection was by the court overruled. At the conclusion of all of the evidence in the case the plaintiff moved the court to direct a verdict in his favor because of the failure of defendant's separate answer to state facts constituting a defense, and because there is no evidence in the record "proving or establishing in any way whatsoever that Olsen ever had notice of any transactions set forth in the answer so as to destroy his character as a holder in good faith before maturity and for value." The defendant thereupon also moved the court to direct a verdict in his favor, which motion was sustained and judgment entered accordingly. The plaintiff moved for a new trial which was denied, and has appealed to this court from the judgment.

1. The only material issue was as to whether the note sued upon was indorsed and delivered by the payee therein named before its maturity. The evidence is uncontradicted that it was indorsed by the payee and by him delivered to the plaintiff shortly after it was executed and before its maturity in payment of a premium on a policy of life insurance issued by the International Life Insurance Company of St. Louis, Missouri, of which company the plaintiff was an authorized general agent, and the payee named in the note, R. B. Jackson, was a subagent working under the plaintiff in the writing of · life insurance. Proof was in-

troduced by the defendant to the effect that Jackson had contracted at the same time with the defendant for the purchase of a phonograph, and that Jackson thereupon executed his note to the defendant for the same amount, payable at the same time, with the understanding that at maturity the notes should be redelivered and exchanged in satisfaction of each other.

Objection having been urged to the sufficiency of the answer, and it affirmatively appearing that the note was indorsed and delivered to the plaintiff before its maturity, it is our opinion that the district court erred in not sustaining the plaintiff's motion for a directed verdict.

"A holder in due course is a holder who has taken the ▮▮▮▮ instrument under the following conditions: 1. That it is complete and regular upon its face; 2. That he became the holder of it before it was overdue, and without notice that it has been previously dishonored, if such was the fact; 3. That he took it in good faith and for value; 4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it." (Sec. 8459, Rev. Codes 1921.)

Every payee or indorsee of a promissory note, who is in possession of it, or the bearer thereof, is defined as a "holder," (sec. 8402, Rev. Codes 1921), and every holder is deemed prima facie to be a holder in due course (Id., sec. 8466), that is: prima facie he is deemed to have become the holder of the note before its maturity in good faith and for value, without notice of any infirmity in it or defect in the title of the person who negotiated it to him (Id., sec. 8459).. A holder in due course may sue on the note in his own name, and holds the same free from any defect of title of prior parties, free from defenses available to prior parties among themselves, and may enforce payment for its full amount against all parties liable thereon (Id., sec. 8464). A defect in the title of the person who negotiates the note mentioned in section 8459, means that such person "obtained

the instrument, or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiated it in breach of faith or under such circumstances as amount to a fraud,'' (Id., sec. 8462), and to constitute notice of such defect in title ''the person to whom it is negotiated must have actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith.'' (Id., sec. 8463.)

The only allegation contained in the answer tending to show that the plaintiff is not a holder of the note in due course is that it was not negotiated until after maturity and that the note was defective when it was negotiated to the plaintiff, ''of which fact the plaintiff had notice,'' and that the plaintiff ''took the * * * instrument, if at all, without good faith.''

There is no allegation of agency on Jackson's part, either actual or ostensible, nor was there any evidence to show that the plaintiff had any knowledge of the conditions under which the note was executed; therefore the plaintiff cannot be held chargeable with knowledge of the facts surrounding the execution and delivery of the note. The rule of law generally recognized and applied is that ''in the absence of special authority, a collecting agent has no authority to receive personal property in payment of the debt, unless such authority can be reasonably inferred from the facts and circumstances of the agency, or from usage or a general course of business, and this rule is particularly true where the property is taken by the agent for his own use.'' (2 C. J. 830.) Here there is no showing of special authority vested in Jackson as the plaintiff's agent, nor are there facts or circumstances indicating a general course of business pursued by the plaintiff warranting the assumption that the plaintiff had knowledge of how the note was obtained, and it affirmatively appears that the agent took the note for his

own use and not that of the principal, the plaintiff in this action.

"Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value" (sec. 8431, Rev. Codes 1921), and "where value has at any time been given for the instrument, the holder is deemed a holder for value in respect to all parties who became such prior to that time." (Id., sec. 8433.) The written contract supersedes all prior negotiations, and to it alone must we look to ascertain the obligation of the maker of the note (*Burnett* v. *Burnett,* 68 Mont. 546, 219 Pac. 831), and contemporaneous oral agreements are ineffectual as between the maker and a holder in due course. (*Baroch* v. *Greater Montana Oil Co.,* 70 Mont. 93, 225 Pac. 800.)

Extrinsic evidence is not admissible to add to, contradict or vary the terms of a promissory note; more especially, where it has been negotiated before maturity and is held in due course. The note sued upon constituted a contract in writing, and the effect of the agreement pleaded was to alter its terms by parol, which may not be done under the express provision of our statute. "A contract in writing may be altered by a contract in writing or by an executed oral agreement, and not otherwise" (sec. 7569, Rev. Codes 1921), and since the contract pleaded rested in parol and appears to have been unexecuted, it is impotent and constituted no defense. (*Lish* v. *Martin,* 55 Mont. 582, 179 Pac. 826; *Swan* v. *LeClair,* 77 Mont. 422, 251 Pac. 155.)

It has often been said that a negotiable promissory note is a courier without luggage whose face is its own passport. To such extent do notes of this character enter into and form a substantial part of the very life of the commercial world, that the law has always been solicitous to exclude any rules calculated to hinder their free circulation and exchange. By the act of executing such an instrument, the maker is held to have intended that it may enter the channels

of trade and pass from hand to hand unencumbered by any defense not known to exist when the transfer is made." (*Baker State Bank* v. *Grant*, 54 Mont. 7, 166 Pac. 27.)

In application of the law to the record facts, the plaintiff is clearly entitled to recover the full amount of the note, and therefore the court was in error in not directing a verdict and entering judgment in his favor.

2. The rule is that where, as here, at the close of all of the ▮▮ testimony both parties move for a peremptory instruction directing a verdict, it is to be assumed that they deem the material facts undisputed, and submit the case to the trial court for determination on the inferences proper to be drawn from such facts. Such motions constitute demurrers to the sufficiency of the evidence, presenting for determination only the legal sufficiency of the evidence to support a judgment. (*Long* v. *Davis*, 68 Mont. 85, 217 Pac. 667; *Anderson* v. *Border*, 75 Mont. 516, 244 Pac. 494.) The whole case is thereby submitted on the motions, and a directed verdict will not be disturbed unless it be found not to be supported by the evidence or warranted by the law. But where, as in this case, the verdict directed is contrary to both the law and the evidence, this court will not hesitate to set it aside. (*Gray* v. *Grant*, 62 Mont. 452, 206 Pac. 410; *General Fire Ex. Co.* v. *Northwestern A. S. Co.*, 65 Mont. 371, 211 Pac. 308.) A directed verdict and judgment will not be permitted to stand where, as here, there is no substantial evidence upon which to predicate them.

Accordingly, the judgment is reversed and the cause remanded to the district court, with direction to enter judgment in plaintiff's favor in accordance with the prayer of his complaint. The original opinion herein, written by Mr. Justice Stark, is withdrawn and this one substituted.

*Reversed and remanded.*

Mr. Chief Justice Callaway and Associate Justices Myers and Matthews concur.

Rehearing denied January 21, 1929.