LISTER, RESPONDENT, v. DONLAN, APPELLANT.

(No. 6,477.)

(Submitted October 28, 1929.   Decided October 17, 1929.)

[281 Pac. 348.]

*Mr. R. F. Gaines,* for Appellant, submitted a brief and argued the cause orally.

*Mr. A. S. Ainsworth,* for Respondent, submitted a brief and argued the cause orally.

574

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff brought this action to recover on a promissory note given by defendant to R. R. Hoyt, in the sum of $3,000, dated February 10, 1926, and due one year from date, bearing six per cent interest, with principal and interest not paid when due bearing interest at ten per cent. The complaint alleges the execution of the note, its purchase by plaintiff before maturity and for a valuable consideration, demand and nonpayment. The answer admits the execution of the note and denies the other allegations of the complaint. By way of affirmative defense, the answer alleges that plaintiff is not, and never has been, a holder in due course, and that the note was executed without consideration. The reply put in issue the affirmative allegations of the answer.

The cause was tried to the court sitting with a jury. At the close of all of the evidence, on motion of plaintiff, the court directed the jury to return a verdict for plaintiff for the principal sum named in the note, with interest at the rate of six per cent per annum, the plaintiff waiving interest on interest. A verdict as directed was accordingly returned, and judgment was entered thereon. Defendant's motion for new trial was denied and he appealed from the judgment.

During the course of the trial the court ruled that the note in question is negotiable and excluded evidence offered by defendant tending to show that the note was given without consideration. This, defendant assigns as error.

The note bears interest at six per cent per annum, payable annually, and contains this clause: "Interest or principal not paid when due, to draw interest thereafter at ten per cent per annum until paid." It is the contention of the defendant that this clause destroys the negotiability of the note. In support of his contention the cases of *Stadler* v. *First Nat. Bank*, 22 Mont. 190, 74 Am. St. Rep. 582, 56 Pac. 111, *Cornish* v. *Woolverton*, 32 Mont. 456, 108 Am. St. Rep. 598, 81 Pac 4, 7, and *Hegeler* v. *Comstock*, 1 S. D. 138, 8 L. R. A. 393, 45 N. W. 331, are relied upon.

In the *Stadler Case* it was held that a note providing for the payment of a reasonable attorney's fee in case of suit on the note, rendered the note non-negotiable because it contained a "condition not certain of fulfillment." The statute has since been amended so that such a clause does not now destroy the negotiability of the note. (Sec. 8409, Rev. Codes 1921.)

The case of *Cornish* v. *Woolverton* involved a note containing a clause very similar to the one under consideration here. In that case it was held that such a clause destroyed the negotiability of the note. The decision was based largely upon the case of *Hegeler* v. *Comstock*, supra, and upon sections 3992 and 3997 of the Codes of 1895. Section 3992 provided: "A negotiable instrument must be made payable in money only, and without any condition not certain of fulfillment." Section 3997 provided: "A negotiable instrument must not contain any other contract than such as is specified in this Article." The court in holding that the note was non-negotiable, said: "The provisions of the statute are clearly prohibitory, and apply to all sorts of conditions not certain of fulfillment, whether they attach before or after maturity, and to all sorts of contracts other than the principal promise and those stipulations which fall within the exceptions provided for in the statute. * * * It is not certain that the condition referred to will be fulfilled, and it is a contract other than one authorized by the statute. The note is therefore non-negotiable."

The *Hegeler Case* was based upon statutes identical with the statutes involved in the case of *Cornish* v. *Woolverton*, supra.

Since those decisions the Montana statutes, as well as the South Dakota statutes, have been amended. The Montana statutes—the Negotiable Instruments Law—are now sections 8401 et seq., Revised Codes of 1921, and so far as the question here involved is concerned are identical with the amended South Dakota statutes (secs. 1705 et seq., South Dakota Revised Codes 1919). The supreme court of South Dakota has held that under the amended statutes a note such as the one

here in question is a negotiable instrument (*Sharpe* v. *Schoenberger*, 44 S. D. 402, 184 N. W. 209; *Commercial Credit Co.* v. *Nissen*, 49 S. D. 303, 51 A. L. R. 287, 207 N. W. 61), and has expressly held that the *Hegeler Case* has no application under the amended statutes (*Farm Mortgage & Loan Co.* v. *Martin*, 51 S. D. 424, 214 N. W. 816), and that a note practically identical with the one here involved, contained a promise to pay "a sum certain in money" within the meaning of section 1705 of the South Dakota statutes, supra, which is identical with section 8408, Revised Codes of 1921. (*Continental & Commercial National Bank of Chicago* v. *Jefferson*, 51 S. D. 477, 58 A. L. R. 1276, 215 N. W. 533.)

The decided weight of authority supports the view that a note containing a clause similar to the one under consideration here is not non-negotiable on that account. (8 C. J. 147; *Union National Bank* v. *Mayfield*, 71 Okl. 22, 2 A. L. R. 135, 174 Pac. 1034; *Hutson* v. *Rankin*, 36 Ida. 169, 33 A. L. R. 91, 213 Pac. 345; *Leach* v. *Urschel*, 112 Kan. 629, 212 Pac. 111; *Goedhard* v. *Folstad*, 156 Minn. 453, 195 N. W. 281, 283; *Allen* v. *Cooling*, 161 Minn. 10, 200 N. W. 849; *Crump* v. *Berdan*, 97 Mich. 293, 37 Am. St. Rep. 345, 56 N. W. 559; *Gilmore* v. *Hirst*, 56 Kan. 626, 44 Pac. 603; *Fox* v. *Crane*, 43 Cal. App. 559, 185 Pac. 415.)

The court did not err in holding that the note is a negotiable instrument. The note being negotiable, evidence of a want or failure of consideration would constitute no defense as against a holder in due course. (Sec. 8464, Rev. Codes 1921.) "It has often been said that a negotiable promissory note is a courier without luggage whose face is its own passport. To such an extent do notes of this character enter into and form a substantial part of the very life of the commercial world, that the law has always been solicitous to exclude any rules calculated to hinder their free circulation and exchange. By the act of executing such an instrument, the maker is held to have intended that it may enter the channels of trade and pass from hand to hand unencumbered by any defense not known to exist when the transfer is made."

(*Baker State Bank* v. *Grant*, 54 Mont. 7, 166 Pac. 27, 28.)
"Every holder is deemed prima facie to be a holder in due
course." (Sec. 8466, Rev. Codes 1921.)

The evidence introduced by plaintiff is to the effect that he
purchased the note in question from Hoyt on February 19,
1926, and on that date gave a check to Hoyt for $1,500 drawn
on the First National Bank of Missoula; that he paid $2,700
for the note but did not remember when the last payment was
made but that it was approximately in March, 1926; that after
the note became due he demanded payment from the defend-
ant and payment was refused, and that he is the owner and
holder of the note. On cross-examination of plaintiff it was
developed that he was working for Hoyt at the time he pur-
chased the note; that Hoyt was then in need of money and
proposed that plaintiff purchase the note; that he knew a note
secured by a mortgage is generally better than an unsecured
note; that he made practically no investigation as to the real
worth or value of the Donlan note before purchasing it, except
that he asked Hoyt if there was any question about it and
Hoyt "seemed to feel that the note would be paid by Donlan
when it was due." He testified that he had heard that Don-
lan had been operating in Missoula and that at times he had
large pay-rolls and had considerable sums of money invested
in different things and was a man of no small ability along
business lines, and that he figured the note "as good as could
be." He said he knew nothing of the circumstance under
which Donlan had given the note to Hoyt, and that when he
requested payment from Donlan, the latter told him the note
was an accommodation note to Hoyt. He testified that prior
to purchasing the note he had heard of Ainsworth as an attor-
ney in Thompson Falls and that Ainsworth and Hoyt were
related by blood or marriage. The plaintiff testified that he
was living in Missoula county when the suit was commenced
and that the note was payable by its terms at Missoula and
that defendant lived in Missoula. He also testified that he,
and not Hoyt, was the one interested in seeing that the note
was collected. Hoyt was called as a witness by the defendant
and testified, in substance, that prior to securing the note in

question he had been in consultation with Ainsworth with reference to a claim asserted by Hoyt against Donlan and that Ainsworth advised him to get some sort of a note out of Donlan,—that a note would be better than a suit.

The defendant was called as a witness in his own behalf; objections were interposed to questions propounded to him and sustained by the court, and offers of proof were made by the defendant which were refused. Error is predicated upon the action of the court in excluding the offered evidence.

The evidence sought to be elicited from the defendant and embraced in the offers of proof related to an agreement in 1921 terminating a partnership theretofore existing between Hoyt and Donlan, by which agreement Hoyt assumed all the debts of the partnership; that Hoyt never made claim upon Donlan for any indebtedness until the summer of 1925; that the note in question here was obtained by Hoyt upon representations that he needed the note in order to secure an extension of time from creditors and that it was executed without consideration.

Before the offered evidence was excluded, counsel for the defendant made the following announcement to the court: "I wish to state that I have no further evidence to offer to connect up Lister with the matter than is already in the record." Giving to the offered evidence the most favorable interpretation from the defendant's standpoint, it would show nothing more than that the note was merely an accommodation note.

Under our statute, section 8436, Revised Codes of 1921. an accommodation maker is liable to a holder for value even though the holder knew he was an accommodation maker at the time of taking the instrument. (*Merchants' Nat. Bank* v. *Smith*, 59 Mont. 280, 15 A. L. R. 430, 196 Pac. 523.) Here there was no evidence tending to show that plaintiff knew that the note was an accommodation note when he purchased it. There is no evidence in the case tending to show that plaintiff is not a holder in due course, as defined by section 8459, Id. The fact that the note was purchased at a ten per cent discount is not sufficient to raise an inference or suspicion that the purchaser was buying a tainted instrument. (*Kopperud*

v. *Cookson,* 50 Cal. App. 180, 194 Pac. 748.) "Whether a holder has established that he is a holder in due course is usually a question for the jury; but where all the facts are shown and are undisputed, and the transaction discloses nothing which would justify an inference of bad faith, there is no question for a jury and it is the duty of the court to direct a verdict or order judgment." (*Goedhard* v. *Folstad,* supra.)

The evidence given, coupled with that offered and excluded, does not show facts or circumstances that would justify a verdict for the defendant. The evidence is in such condition that if the case had been submitted to a jury on the evidence given and excluded and a verdict returned for the defendant, it would have been the duty of this court to set it aside for want of supporting evidence. Under such circumstances a directed verdict is proper. (*Mandoli* v. *National Council,* 58 Mont. 671, 94 Pac. 493; *McIntyre* v. *Northern Pacific Ry. Co.,* 56 Mont. 43, 180 Pac. 971; *Bean* v. *Missoula Lumber Co.,* 40 Mont. 31, 104 Pac. 869; *Stiemke* v. *Jankovich,* 72 Mont. 363, 233 Pac. 904.)

This case does not present circumstances sufficient to justify different conclusions by reasonable men, as did the case of *First Nat. Bank of Lewistown* v. *Wilson,* 57 Mont. 384, 188 Pac. 371, and other cases relied upon by defendant. The principles announced in the case of *Olsen* v. *Zappone,* 83 Mont. 573, 273 Pac. 635, are applicable here.

There being no evidence given or offered tending to show that plaintiff at the time he purchased the note had knowledge of any defense or of any defect of title thereto in the payee, the motion for a directed verdict in favor of plaintiff was proper.

Error is also assigned to the action of the court in sustaining an objection to a question propounded to plaintiff as to how he happened to select Ainsworth at Thompson Falls as his attorney. The objection to this question was properly sustained as immaterial.

No error appearing, the judgment is affirmed.

Mr. Chief Justice Callaway and Associate Justices Matthews, Galen and Ford concur.