BEST ET AL., RESPONDENTS, *v.* BOYER, APPELLANT.

(No. 7,273.)

(Submitted October 2, 1934. Decided November 8, 1934.)

[37 Pac. (2d) 331.]

*Mr. Thomas N. Marlowe,* for Appellant. `

*Mr. E. F. Gummer,* for Respondents.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an appeal from an order of the district court of Lake county granting a new trial after judgment for defendant.

The action was prosecuted to recover upon a trade acceptance. In 1931 defendant W. J. Boyer, appellant here, was engaged in the retail merchandise business at Arlee, Montana. He ordered a shipment of salt from the Acme Stock Salt Company (hereinafter called the salt company), of Tiffin, Ohio. At that time he made and accepted two trade acceptances and delivered them to an agent of the salt company from whom he ordered the salt. Subsequently the salt company sold and transferred one of the acceptances to the plaintiffs, respondents here, who now seek to recover upon it.

Plaintiffs alleged in their complaint that "they were and now are, copartners doing business at Tiffin, Ohio, under the firm name and style of Seneca Discount Company"; that on October 19, 1931, "for value received, the defendant made, accepted and delivered to the Acme Stock Salt Company, * * * his certain trade acceptance which is set forth in the complaint"; that before maturity the salt company indorsed, sold, and transferred the trade acceptance for value to the plaintiffs; that "plaintiffs are now the owners and holders thereof"; and that demand for payment had been made and refused.

All the above allegations were specifically denied by defendant in his amended answer. He further alleged, by way of affirmative defense, that the agent of the salt company from whom he ordered the salt made misrepresentations as to the quality of the salt; that it was agreed that defendant was to have the exclusive agency to sell such salt within a designated territory; that two days later he learned that the same salt

was already being sold in the territory by a merchant doing business in Missoula; that he thereupon immediately wired the salt company to cancel his order; that it failed to do so, but instead shipped the salt as ordered; and that the salt when it arrived was not as represented. He alleged that under the above-recited facts there was a failure of consideration.

The trade acceptance sued upon was introduced in evidence by plaintiffs. It is dated October 19, 1931, and reads in part as follows: "Seventy-five days after date pay to the order of ourselves (Acme Stock Salt Co.) two hundred twenty-seven & 50/100 dollars, $227.50. The transaction which gives rise to this instrument is the purchase of goods by the acceptor from the drawer. The drawer may accept this bill payable at any bank, banker or trust company in the United States which such drawee may designate." It was signed by defendant as drawee. Upon the back it bears the indorsement in blank of the salt company. It also bears evidence, by way of indorsement, that it was presented for collection through the bank at Missoula, and that defendant failed to make payment.

Plaintiffs introduced in evidence a check drawn upon the Seneca Discount Company (by H. W. Frick) in favor of the Acme Stock Salt Company. This check was dated December 16, 1931, and was for the sum of $209.30. It was stamped "Paid as of Dec. 17, 1931."

The deposition of Harry W. Frick was introduced in evidence. He testified that he was president of the Seneca Discount Company; that the plaintiffs herein are the owners of the trade acceptance in question; that they purchased it from the salt company for $209.30; and that, at the time they purchased the instrument, they had no notice of any infirmity in it or defect in the title of the salt company.

At the close of plaintiffs' evidence, defendant moved for a nonsuit. The motion was denied, and defendant proceeded with the introduction of evidence. The plaintiffs objected to the introduction of any testimony relative to the facts set out in the affirmative defense. The objection was overruled, and de-

fendant was permitted to present testimony concerning the alleged breach of the agreement by the salt company. All the evidence, and the only evidence adduced by defendant, pertained solely to the matters pleaded in the affirmative defense. He tendered no evidence in support of his specific denials of those facts affirmatively pleaded by plaintiffs.

When all the evidence was in, plaintiffs made a motion for a directed verdict. This motion was denied. The jury returned a verdict for the defendant. Thereafter the plaintiffs moved the court for a new trial upon the following grounds: (1) Irregularity in the proceedings of the court, the jury, and the adverse parties, and in the orders of the court, by which plaintiffs were prevented from having a fair trial; (2) insufficiency of the evidence to justify the verdict, and that the verdict is against law; (3) errors in law occurring at the trial and excepted to by plaintiffs. The court sustained the motion. Defendant has appealed from the order granting a new trial. Thus the sole question presented here is, Did the court err in granting the motion for a new trial?

Defendant asserts that his motion for a nonsuit should have been sustained. At the outset he contends that plaintiffs failed to prove the allegation in their complaint that they are copartners. This allegation was put in issue by a specific denial in the answer. The only evidence upon this point is that of Harry W. Frick, taken by deposition. He testified that plaintiffs owned the instrument, and that the names of the plaintiffs were Archie E. Best, Dorothy L. Frick, and Harry W. Frick.

The fact of the existence of the partnership was not controlling or even very important. The requirement of the statute (sec. 9067, Rev. Codes 1921) is that every action shall be prosecuted in the name of the real party in interest. If the plaintiffs were the owners of the bill, they were the real parties in interest and proper plaintiffs. The condition of partnership, if it existed, was unimportant. (*Wilson* v. *Yegen Bros.*, 38 Mont. 504, 100 Pac. 613; compare *Canonica* v. *St. George*, 64 Mont. 200, 208 Pac. 607; *Croft* v. *Bain*, 49 Mont. 484, 143 Pac. 960.)

Defendant argues that no proof was offered to show that ▮ the instrument sued upon was a negotiable instrument. There is no merit in this contention. The instrument was introduced in evidence and speaks for itself. It clearly contains all the elements necessary to constitute a negotiable instrument as prescribed by our statutes. (Sec. 8408, Rev. Codes 1921. See, also, *Great Falls Nat. Bank* v. *Young*, 67 Mont. 328, 215 Pac. 651.)

Finally, defendant contends that before the acceptance of ▮ the instrument sued upon could possibly have been delivered, the order was canceled on account of misrepresentations, and that therefore there was no delivery and no proof of delivery. This position is untenable in view of section 8423, Revised Codes 1921, which provides in part as follows: " * * * But where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him is conclusively presumed. And where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed."

In view of the above statute, it was not necessary for plaintiffs to prove that there had been a delivery and acceptance of the instrument. The production of it by them raised a presumption of a valid and intentional delivery of it to the salt company. (*Ely, Salyards & Co.* v. *Farmers' E. Co.*, 69 Mont. 265, 221 Pac. 522.) The failure of plaintiffs to prove delivery and acceptance did not entitle defendant to a nonsuit. The court was correct in overruling the motion for nonsuit.

We are of the opinion that the trial court ruled correctly in granting plaintiff's motion for a new trial.

As we have observed above, the affirmative defense and all the evidence which defendant tendered at the trial pertained solely to an alleged failure of consideration for the instrument sued upon. Plaintiffs objected to this evidence on the grounds that the alleged affirmative defense

did not state a defense to the cause of action set out in the complaint. The court overruled the objection; it should have been sustained.

It cannot be contended that plaintiffs are not holders in ▮ due course. The record discloses that the instrument in question is complete and regular upon its face. There is uncontradicted evidence to the effect that plaintiffs became the holders of it before it was overdue, and without notice that it had been previously dishonored, that they took it in good faith and for value, and that at the time it was negotiated to them they had no notice of any infirmity in the instrument or defect in the title of the salt company. This was a sufficient showing to establish their status as holders in due course. (Sec. 8459, Rev. Codes 1921; *Olsen* v. *Zappone*, 83 Mont. 573, 273 Pac. 635, 637; *Wood* v. *Ferguson*, 71 Mont. 540, 230 Pac. 592; *Merchants' Nat. Bank* v. *Smith*, 59 Mont. 280, 196 Pac. 523, 15 A. L. R. 430.)

Even if plaintiffs had failed to produce sufficient evidence to satisfy all the requirements of section 8459, supra, in that regard, still there would be a presumption that they were holders in due course. (Sec. 8466, Id.) In the case of *Olsen* v. *Zappone*, supra, this court said: "Every payee or indorsee of a promissory note, who is in possession of it, or the bearer thereof, is defined as a 'holder' (Rev. Codes 1921, sec. 8402), and every holder is deemed prima facie to be a holder in due course (Id., sec. 8466); that is, prima facie he is deemed to have become the holder of the note before its maturity in good faith and for value, without notice of any infirmity in it or defect in the title of the person who negotiated it to him (Id., sec. 8459)." (See, also, *Lister* v. *Donlan*, 85 Mont. 571, 281 Pac. 348, 72 A. L. R. 1.) There was no evidence to rebut the presumption that plaintiffs were holders in due course.

It follows, therefore, that lack of consideration in the first instance did not constitute a good defense as against the plaintiffs. (Secs. 8435, 8464, Rev. Codes 1921.) Want or failure of consideration for a negotiable instrument consti-

tutes no defense as against a holder in due course. (*Lister* v. *Donlan,* supra; *Olsen* v. *Zappone,* supra.) Obviously, then, the affirmative plea (failure of consideration) in defendant's answer was not properly available to him as against plaintiffs, and no evidence was admissible for the purpose of proving that allegation. (*Lister* v. *Donlan,* supra.)

In the face of these obvious errors, the court was clearly justified in granting plaintiff's motion for a new trial. The action of the trial court in granting or denying a motion for a new trial is a matter within its sound legal discretion. (*State ex rel. McLean* v. *District Court,* 37 Mont. 485, 97 Pac. 841, 15 Ann. Cas. 941; *White* v. *Barling,* 36 Mont. 413, 93 Pac. 348; *Badboy* v. *Brown,* 66 Mont. 307, 213 Pac. 246.) It is only in cases of manifest abuse of this discretion on the part of the trial court that its order will be reversed on appeal. (*Rousselle* v. *Cramer,* 65 Mont. 537, 212 Pac. 294; *Stettheimer* v. *City of Butte,* 60 Mont. 111, 198 Pac. 455.) An order granting a new trial will not be set aside as readily as an order denying one, since the latter ends the case, whereas the former merely restores the parties to the same condition in which they were before trial. (*Northwestern Elec. E. Co.* v. *Leighton,* 66 Mont. 529, 213 Pac. 1094. See, also, *State* v. *Schoenborn,* 55 Mont. 517, 179 Pac. 294.)

The order is affirmed.

ASSOCIATE JUSTICES MATTHEWS and ANDERSON concur.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICE ANGSTMAN not sitting.